**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. US FLEET TRACKING LLC, an Oklahoma Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. CIV-16-376-F ) |
| 1. VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company, | ) JURY TRIAL DEMANDED ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 6,958,701

Plaintiff, US Fleet Tracking LLC ("US Fleet" or "Plaintiff") for its complaint against Defendant, Virtual Fleet Management, LLC ("Virtual Fleet" or "Defendant"), alleges and states as follows:

## PARTIES

1. US Fleet is a limited liability company organized and existing under the laws of the State of Oklahoma with its principal place of business in Edmond, Oklahoma.

2. Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Texas with a registered place of business in Little Elm, Texas.

## JURISDICTION AND VENUE

3. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.* and the Patent Laws of the United States, 35 U.S.C. § 101, *et. seq.* An

actual, substantial and continuing justiciable controversy exists between US Fleet and Defendant that requires a declaration and determination of rights by this Court.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Defendant by virtue of Defendant's purposeful contact with this District, including the actions of its agents, representatives and/or proxies to attempt to enforce its purported patent rights against US Fleet as hereinafter set forth.

6. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. Based in the Oklahoma City metropolitan area, US Fleet is a leading GPS (Global Positioning System) tracking manufacturer providing Internet-based access to live vehicle tracking and asset management.

8. Upon information and belief, Defendant is the owner by assignment of U.S. Patent No. 6,958,701 ("the '701 Patent") which issued on October 25, 2005 to John D. Storkamp, Mark A. Storkamp, and Ronald H. Menzhuber, entitled "Transportation Monitoring System for Detecting the Approach of a Specific Vehicle." A copy of the '701 Patent is attached hereto as Exhibit "1."

9. Upon information and belief, Defendant was organized on January 21, 2016 and purports to be a successor in interest to Proximity Monitoring Innovations LLC.

10. According to Texas Secretary of State records, Defendant's registered address is a personal residence located in Little Elm (a Dallas suburb), Texas, and

Defendant's manager is a limited liability company which purports to be based in Las Vegas, Nevada.

11. Upon information and belief, Defendant is a recently formed shell entity which is attempting to shield the beneficial owner(s) of the '701 Patent.

12. Upon information and belief, Defendant, by and through its agents, representatives and/or proxies, as well as the '701 Patent's beneficial owner(s), has the contacts described below and additional contacts with the State of Oklahoma and this District.

13. US Fleet received correspondence dated March 22, 2016 with accompanying documents which are attached hereto as Exhibit "2" from an entity identified as Patent Licensing Alliance and located in Salt Lake City, Utah (the "PLA Letter and Documents").

14. The PLA Letter and Documents indicate that they were sent on behalf of Defendant and represent that the '701 Patent was "assigned to Virtual Fleet Management, LLC this year."

15. The PLA Letter and Documents allege that US Fleet "utilizes the technology" claimed and disclosed in the '701 Patent and state that Defendant is enforcing its intellectual property rights as a result of ever increasing instances of improper use of its technology without a license.

16. The PLA Letter and Documents also assert that the '701 Patent "requires a license if you [US Fleet] intend to continue to sell these products."

17. The attachments which accompany the letter are identified as constituting a "Notice" and purportedly describe the technology of the '701 Patent.

18. The attachments to the letter also contain what is referred to as a "**Pre-filing** Investigation Claim Chart" (emphasis added) which purports to compare claims 10 and 14 of the '701 Patent with an "accused product," which is identified as being "US Fleet."

19. The exhibits to the claim chart purport to demonstrate how US Fleet's products infringe at least claims 10 and 14 of the '701 Patent.

20. The allegations in the PLA Letter and Documents, including the letter, exhibits, claim chart, and "Notice" sections state, imply or otherwise indicate that Defendant will sue US Fleet for patent infringement if US Fleet refuses to license the '701 Patent.

21. Additionally, US Fleet received a letter attached as Exhibit "3" from the law firm of Pia Anderson Dorius Reynard & Moss which states that, among other things, it represents Defendant with regard to the '701 Patent and that following receipt of additional information, Patent Licensing Alliance will call to engage in discussions (the "Pia Anderson Correspondence").

22. The Pia Anderson Correspondence letter adds weight to the threat that Defendant will sue US Fleet for alleged infringement of the '701 Patent if US Fleet refuses to obtain a license from Defendant.

23. US Fleet received further correspondence dated March 22, 2016 from Patent Licensing Alliance attached hereto as Exhibit "4" (the "Further PLA

Correspondence"). The Further PLA Correspondence also references the '701 Patent and states that the matter will be moved back to Defendant's law firm for further consideration if US Fleet is non-responsive.

24. By so communicating with US Fleet, as set forth in the PLA Letter and Documents, the Pia Anderson Correspondence and the Further PLA Correspondence, Defendant has availed itself of the privilege of doing business with residents and businesses in the State of Oklahoma and this District and is subject to personal jurisdiction in this Court for this action for declaratory relief.

## COUNT 1
**(Declaratory Judgment of Non-Infringement)**

US Fleet adopts and incorporates by reference each and every preceding paragraph as if set forth fully herein at this point.

25. Defendant claims to own all right, title, and interest in and to the '701 Patent and accuses US Fleet of infringing at least claims 10 and 14 of the '701 Patent.

26. US Fleet's products have not infringed and are not infringing the '701 Patent, directly or indirectly, either literally or under the doctrine of equivalents.

27. The charge of alleged infringement against US Fleet has created an actual, substantial, and justiciable controversy between the parties as to non-infringement of the '701 Patent that is within the jurisdiction of this Court.

28. For the foregoing reasons, US Fleet is entitled to a declaratory judgment by this Court that it does not infringe the '701 Patent.

## COUNT 2
**(Declaratory Judgment of Invalidity)**

29. US Fleet adopts and incorporates by reference each and every preceding paragraph as if set forth fully herein at this point.

30. Upon information and belief, one or more claims of the '701 Patent, including but not limited to claims 10 and 14, are invalid for failure to meet one or more requirements of patentability under 35 U.S.C. § 101 *et. seq.*, including 101, 102, 103, 111 and/or 112.

31. Upon information and belief, one or more claims of the '701 Patent are invalid under 35 U.S.C. §102 and/or §103.

32. Upon information and belief, invalidating prior art references include but are not limited to the following, considered either individually or in combination with other prior art references:

United States Patent No. 6,700,506 to Winkler et al.

United States Patent No. 6,714,142 to Porter et al.

WIPO Publication No. 93/13503 to Dulaney et al.

United Sates Patent No. 6,636,160 to Brei

33. The charge of alleged infringement against US Fleet has created an actual, substantial and continuing justiciable controversy between the parties as to the validity of the '701 Patent within the meaning of 28 U.S.C. § 2201.

34. Based on the foregoing, US Fleet is entitled to a declaratory judgment from this Court that the '701 Patent is invalid.

35. Upon information and belief, Defendant is aware of the prior art patent references above and the invalidity of the '701 Patent by virtue of prior proceedings in the U.S. Patent Office which sought to challenge the validity of the '701 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, US Fleet Tracking LLC requests that judgment be entered in its favor and against Defendant Virtual Fleet Management, LLC as follows:

a. A declaration that Plaintiff US Fleet Tracking LLC has not infringed any claim of the '701 Patent;

b. A declaration that the '701 Patent is invalid;

c. A finding that, pursuant to 35 U.S.C. § 285, Defendant's actions make this an exceptional case and Plaintiff is to be awarded its reasonable attorney fees and costs; and

d. Such additional relief as the Court deems just and proper.

                        Respectfully submitted,

                        s/ Todd A. Nelson
                        Kevin R. Donelson, OBA #12647
                        FELLERS, SNIDER, BLANKENSHIP,
                          BAILEY & TIPPENS, P.C.
                        100 N. Broadway, Suite 1700
                        Oklahoma City, OK 73102
                        Telephone:     (405) 599-0621
                        Facsimile:     (405) 599-9659
                        E-Mail: KDonelson@FellersSnider.com

                        Todd A. Nelson, OBA #15317
                        Terry L. Watt, OBA #16745
                        FELLERS, SNIDER, BLANKENSHIP,
                          BAILEY & TIPPENS, P.C.
                        321 South Boston, Suite 800
                        Tulsa, OK 74103-3318
                        Telephone:     (918) 599-0621

**JURY TRIAL DEMANDED**      Facsimile:     (918) 583-9659
                        E-Mail: TNelson@FellersSnider.com
                        TLWatt@FellersSnider.com

                        *Attorneys for Plaintiff,*
                        *US Fleet Tracking LLC*

#54698